## Kelly's Appeal.

*Voting residence—Intention—Maintenance of family—Payment of property and occupational taxes.*

1. Residence is a question of fact and intention, and not of intention alone.

2. An elector may not determine where he shall vote by simply asserting a stated place as his residence if his real home is elsewhere.

3. Subject to the exceptions specified in the Constitution, an elector's voting residence is his actual established home. If he is a family man, the actual established home is ordinarily where the family actually lives. If not, it is where he normally and usually resides, and no temporary use of any other house, whether or not he formerly lived there, will justify a choice by him or avail as against the actual established home.

4. When a former resident of Philadelphia, who has removed his family to a home in Delaware County, claims to retain his Philadelphia residence by reason of having a room in the house in Philadelphia which he formerly occupied, in which he lives a substantial part of the time and where he keeps most of his clothing, the fact that he had for several years paid property and occupational taxes in Delaware County is of great significance, and on an application to strike his name from the list of voters in Philadelphia may be conclusive.

Appeal from ruling of Registration Commission. C. P. No. 3, Phila. Co., Sept. T., 1927, No. 11415.

*William F. Berkowitz,* for appellant; *A. R. Clapp,* contra.

DAVIS, J., Nov. 3, 1927.—Appellant avers that he is a qualified elector of the 28th Division of the 15th Ward in the City and County of Philadelphia; that he has resided at No. 640 North 23rd Street, in the said division of the said ward, for a period of three years immediately prior to October, 1927; that in the fall registration of 1925, his name was placed on the registration books of the 28th Division of the 15th Ward as a qualified elector; that he exercised his right as such qualified elector at the primary election of 1925 and the regular election in 1925 and all subsequent elections. On Oct. 26, 1927, a petition was presented to the Board of Registration Commissioners, praying that the name of Harry A. Kelly, the appellant, be stricken from the registration books of the 28th Division of the 15th Ward, averring that he was not a *bona fide* resident at No. 640 North 23rd Street, Philadelphia. On Oct. 29th, after hearing, the Board of Registration Commissioners granted the prayer of the petition and struck off the name of the said Harry A. Kelly from the registration books of the 28th Division of the 15th Ward of the City

Kelly's Appeal.

and County of Philadelphia. The appellant thereupon filed an appeal under the Act of Assembly of June 10, 1919, P. L. 857, as amended on April 26, 1921, P. L. 292.

It appears from the testimony that at the time of the registration of appellant in the said 28th Division of the 15th Ward, he stated, under oath, that he had resided in the said election division for thirty-three years; that his residence was No. 640 North 23rd Street. In 1923, appellant resided at No. 1540 North Felton Street, in the 31st Division of the 34th Ward. He registered as an elector in that division and stated, under oath, that he had resided there for one year. In 1925, the said Harry A. Kelly purchased a property at No. 138 Drexel Avenue, Lansdowne, Delaware County. This property is a two-story dwelling-house. The appellant testified that he resided in this house with his wife, but claimed that it was merely a summer residence. The house is furnished, and appellant further testified that the family wash was sent from this house and returned thereto. The wife of appellant, according to the testimony of Kelly, is a woman in delicate health of a nervous temperament. They employ no domestic help except a woman who comes in and assists in the household cleaning. Appellant further testified that at times he went to his father's home at No. 640 North 23rd Street, in the 28th Division of the 15th Ward. He remained there sometimes a day or two. He testified that he kept most of his clothing there. It does not appear that his wife resided with him at the 23rd Street address for any length of time. The relations between Mr. Kelly and his wife are amicable. There is no testimony, nor any averment, that he is separated from his wife, nor that she makes her permanent residence at No. 640 North 23rd Street. It further appears that appellant paid taxes, both property and occupational tax, for the years 1926 and 1927 on the Lansdowne property. Mr. Robertson, who sold the property to appellant, resides in Lansdowne; he testified that he was acquainted with the appellant; that he had seen appellant at No. 138 Drexel Avenue, Lansdowne, a number of times; that he had seen him going and coming from the residence once or twice a week. On Jan. 16, 1925, appellant made an application to the Philadelphia Suburban Gas & Electric Company for service to premises No. 138 Drexel Avenue, the application being signed by said appellant.

We are of opinion that the testimony supports the conclusion that the residence of appellant is No. 138 Drexel Avenue, Lansdowne. Domicile is a question of fact and intention, and an elector may not determine where he shall vote by simply asserting a stated place as his residence if his real home is elsewhere. As was said by Mr. Justice Simpson, in a very learned article in Volume 69, University of Pennsylvania Law Review No. 1: "Subject to the exceptions specified in the Constitution, an elector's voting residence is his actual established home. If he is a family man, the actual established home is ordinarily where the family actually lives. If not, it is where he normally and usually resides, and no temporary use of any other house, whether or not he formerly lived there, will justify a choice by him or avail as against the actual established home."

The appellant has no answer to the question why he did not give his voting residence at No. 640 North 23rd Street in 1925 when he occupied the premises No. 1540 North Felton Street, in the 31st Division of the 34th Ward, particularly in view of his assertion in 1927 that he had resided in the 20th Division of the 15th Ward for thirty-three years. The appellant purchased the property at Lansdowne; he pays the taxes, both real and occupational tax, as a resident of Lansdowne; his wife, with whom he lives amicably, resides

there, and the appellant cannot obtain the right to vote in an election district in the City of Philadelphia by merely renting a room, having some clothing in it and occasionally eating or sleeping there. The mere fact that one claims such a room as his home will not avail when confronted with evidence that he has a home which he occupies with his family and regards as his home for all other purposes; and in using the expression "residence is a matter of intention," the proper interpretation of that term is that when a man has his home with his family, living with his family, paying the taxes and for a large part of his time making that his home, it is his intention to make that his residence as expressed by his acts. Residence is a question of fact and intention, and not of intention alone.

The petition is dismissed, and the action of the Board of Registration Commissioners in striking from the voters' list the name of the said Harry A. Kelly as a resident and elector of the 28th Division of the 15th Ward is affirmed.